IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01756-WYD-MJW

ROY FORMAN, M.D., et al.,

Plaintiffs,

v.

BLUE SKY SHUTTLE, et al.,

Defendants.

---

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL
(DOCKET NO. 35)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Compel (docket no. 35). The court has reviewed the motion and response (docket no. 39). Plaintiffs have submitted, per this court's minute order (docket no. 40), a written privilege log for each Plaintiff and copies of the subject documents relating to the subject motion for *in camera* review. The court has now reviewed such subject documents *in camera*. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case involves a single commuter van roll-over accident that took place on or about February 19, 2005. Plaintiffs' Complaint alleges claims for negligence and

2

negligence per se.  Each Plaintiff seeks economic damages for loss of past and future wages, past and future medical expenses, past and future essential home services, and earning capacity.  In addition, each Plaintiff seeks non-economic damages for pain, suffering, emotional distress, and inability to enjoy a full and useful life in accordance with the limitations on non-economic damages as set forth under Colorado law.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

As to Plaintiff Roy Forman's Privilege Log, this court finds that documents pertaining to Plaintiff Forman have been bates stamped from CHP 003 through CHP

3

93, inclusive. As to Plaintiff Cory Hill's Privilege Log, this court finds that documents pertaining to Plaintiff Cory Hill have been bates stamped TOC 002 through TOC 018, inclusive, and GWO 002 through GWO 022, inclusive. As to Plaintiff Melanie Hill's Privilege Log, this court finds that documents pertaining to Plaintiff Melanie Hill have been bates stamped VAN 002 through VAN 021, inclusive; NFW 002 through NFW 044, inclusive; and TAL 001 through TAL 053, inclusive.

After reviewing, *in camera*, such documents as outlined above, this court finds that all of these documents are relevant on the issues of causation and damages and thus are discoverable except for those documents pertaining to Plaintiff Melanie Hill marked TAL 001 through TAL 053, inclusive. The patient privilege and Psychological Counselor-Patient Privilege pursuant to Johnson v. Trujillo, 977 P.2d 152, 155 (Colo. 1999), and Weil v. Dillon Cos., Inc., 109 P.3d 127 (Colo. 2005), are overruled. The court specially finds that documents TAL 001 through TAL 053, inclusive, are irrelevant to the issue before this court and are not discoverable.

### ORDER

Based upon these findings of fact and conclusions of law, this court **ORDERS**:

    1.    That Defendants' Motion to Compel (docket no. 35) is **GRANTED IN PART AND DENIED IN PART**.

    2.    That the motion is **GRANTED** as follows. Plaintiffs shall provide to Defendants documents marked:

        a.    CHP 003 through CHP 93, inclusive;

        b.    TOC 002 through TOC 018, inclusive;

4

  c. GWO 002 through GWO 022, inclusive;

  d. VAN 002 through VAN 021, inclusive; and,

  e. NFW 002 through NFW 044, inclusive.

3. That the motion is **DENIED** as to documents marked TAL 001 through TAL 053, inclusive.

4. That each party shall pay their own attorney fees and costs for this motion.

5. That Plaintiffs shall provide copies of such documents as listed above in paragraph 2 of this Order to Defendants on or before January 31, 2007.

6. That all of the documents as outlined above in paragraphs 2 and 3 of this Order shall be sealed an not opened except by further Order of Court.

Done this 17th day of January 2007.

         BY THE COURT

         <u>s/ Michael J. Watanabe</u>
         Michael J. Watanabe
         U.S. Magistrate Judge